LG Capital Funding, LLC v. On4 Communications, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of March, two thousand twenty.

PRESENT:
> AMALYA L. KEARSE,
> GUIDO CALABRESI,
> ROSEMARY S. POOLER,
> *Circuit Judges*.

_____

LG Capital Funding, LLC,

    *Plaintiff-Appellee*,

  v.              **18-3019**

On4 Communications, Inc.,

    *Defendant-Appellant*,

_____

| | |
|---|---|
| FOR DEFENDANT-APPELLANT: | DEBORAH A. JOHNSON, Shanker Law Group, Mineola, NY. |
| FOR PLAINTIFF-APPELLEE: | KEVIN KEHRLI, Garson, Segal, Steinmetz, Fladgate LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Vitaliano, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant On4 Communications, Inc. ("On4") appeals from the September 25, 2018 judgment of the United States District Court for the Southern District of New York (Vitaliano, *J.*) adopting the January 17, 2018 report and recommendation (Reyes, *M.J.*), which denied its motion to set aside the default judgment issued in favor of LG Capital Funding, LLC after On4 failed to answer or otherwise appear before the district court. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review denial of a motion to set aside a default judgment for abuse of discretion. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). In deciding whether to relieve a party from a default judgment, we consider three criteria: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Id.* at 96.

On the question of willfulness, we agree with the district court that On4's default was the result of its own "gross negligence." J.A. 243. On appeal, On4 makes no attempt whatsoever to challenge this finding. Nor could it; On4 did not even argue to the district court that the magistrate judge's finding was wrong. We must, therefore, conclude that On4 had no excuse for defaulting. Similarly, we agree that "the prejudice to LG in setting aside the default would be minimal," J.A. 240, a finding that neither party addresses on appeal.

On4's appeal is grounded entirely in the third factor: it argues that it has a meritorious defense because the convertible note at issue violates New York's criminal usury statute, N.Y. Penal Law § 190.40, and the note must therefore be declared void *ab initio*. We note that the New

2

York Court of Appeals has yet to address the question of whether § 190.40 applies to convertible notes of the type at issue here, nor has it addressed the matter of whether a corporation can use criminal usury as a defense to have a loan declared void *ab initio*. We cannot conclude that the district court abused its discretion in finding the merits of On4's defense doubtful where the New York Court of Appeals had addressed neither of the two elements of the defense and where all prior district courts confronting this same defense had rejected it. *See, e.g.*, *Union Capital LLC v. Vape Holdings Inc.*, No. 16-CV-1343 (RJS), 2017 WL 1406278, at *4 (S.D.N.Y. Mar. 31, 2017); *Beaufort Capital Partners LLC v. Oxysure Sys., Inc.*, No. 16-CV-5176 (JPO), 2017 WL 913791, at *3 (S.D.N.Y. Mar. 7, 2017).

In sum, we find that the district court did not abuse its discretion in refusing to vacate the default on the motion of a defendant (a) whose only asserted justification for its failure to respond instead constituted gross negligence, and (b) whose only asserted defense is based on two principles of New York law, each of which is necessary to its defense, and each of which is so unsettled that we cannot say that the district court made an error of law with respect to either.

We have considered all of On4's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court